UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHELLE D. SMITH,

        Defendant.
                            /

File No. 1:07-CR-210

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

Defendant Michelle D. Smith was convicted on her plea of guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 204 months of imprisonment. (Dkt. No. 29, J.) Defendant's sentence was affirmed on appeal. (Dkt. No. 33.) The Supreme Court denied Defendant's petition for writ of certiorari on March 25, 2010. (Dkt. No. 36.) On August 5, 2011, Defendant filed the motion to review sentence pursuant to 18 U.S.C. § 3742(a)(1) which is currently before the Court. (Dkt. No. 40.)

Defendant contends that because all of her actions took place inside the State of Michigan, and because her two co-conspirators were prosecuted by the State of Michigan, she should have been prosecuted by the State of Michigan rather than by the federal government. Defendant contends that her prosecution by the federal government violates the Tenth Amendment of the Constitution.

1

In the absence of an express statute or rule to the contrary, a district court does not have jurisdiction to reconsider or modify a term of imprisonment. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Defendant seeks review of her sentence pursuant to 18 U.S.C. § 3742(a)(1). This statute provides that a Defendant may file a notice of appeal in the district court for review of the sentence by the Court of Appeals. This statute does not authorize this Court to review Defendant's sentence.

Defendant's motion attacking the constitutionality of her conviction and sentence and requesting that she be released from the custody of the Federal Bureau of Prisons should be treated as a collateral attack brought under 28 U.S.C. § 2255. Section 2255 governs all claims where, as here, the claimant is

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Based on the nature of the relief sought, Defendant's motion should be recharacterized as a motion brought under § 2255. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).

Courts regularly convert such *pro se* motions into § 2255 motions. *See id.* However,

> when a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on

'second or successive' motions,[1] and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro v. United States*, 540 U.S. 375, 383 (2003). Accordingly, the present order will serve as notice of the Court's intent to recharacterize Defendant's motion and of the consequences of such a recharacterization.

Under normal circumstances, the above would constitute the entirety of this Court's warnings to Defendant before her motion would be subject to recharacterization. Once a motion is recharacterized, the Court then begins its review of the matter under the Rules Governing Section 2255 Proceedings. Here, however, the Court deems it to be a better use of judicial resources to begin such consideration in the present order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of a § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon initial consideration of the present motion, it plainly appears that Defendant would not be entitled to relief to relief under § 2255. A threshold

---

[1] Under 28 U.S.C. § 2255(h),
A second or successive motion must be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain–
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

issue for § 2255 motions is whether the motion is filed within the one-year limitation period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. Defendant's judgment became final on March 25, 2010, when the Supreme Court denied her petition for writ of certiorari. Defendant did not file her present motion until August 5, 2011, more than four months after the presumptive deadline for filing had expired. Accordingly, it appears that Defendant's motion, if recharacterized as a motion under § 2255, would be time-barred.

The one-year statute of limitations contained in § 2255 is not jurisdictional, and it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A court "must accord the parties fair notice and an opportunity to present their positions" before a petition is dismissed sua sponte on statute of limitations grounds. *Day v. McDonough*, 547 U.S. 198, 210 (2006). Thus, if Defendant elects not to withdraw her

4

motion, she must show cause why her motion should not be dismissed as timebarred. Accordingly,

**IT IS ORDERED** that Defendant is provided **NOTICE** that the Court intends to recharacterize her motion as a motion pursuant to 28 U.S.C. § 2255.  Defendant has thirty (30) days from the date of this order to withdraw, amend, and/or supplement the motion. Failure to withdraw the motion within this period of time will result in it being converted to a 28 U.S.C. § 2255 motion without further notice. Failure to amend and/or supplement the motion within this period of time will result in the motion being considered based upon the present submissions.

**IT IS FURTHER ORDERED** that, if Defendant does not withdraw her motion, she has thirty (30) days from the date of this order to **SHOW CAUSE** why the recharacterized motion should not be summarily dismissed as time-barred.  If Defendant does not contest recharacterization and dismissal of the motion, no action is required.


Dated: September 8, 2011                                /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE