UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                         CASE NO. 1:07-cr-210

                                         HON. ROBERT J. JONKER

MICHELLE DENISE SMITH,

       Defendant.
_____/

## ORDER

Defendant began a 5-year term of supervision on April 30, 2020. It is scheduled to last through April 29, 2025. The matter before the Court is on defendant's motion for early termination of supervision. (ECF No. 80). The government's response indicates both the government and the Probation Department object to the request (ECF No. 84). The Court continues to believe that early termination of supervised release is inappropriate in this case.

The Court may terminate supervised release under 18 U.S.C. § 3583(e)(1) "at anytime after the expiration of one year of supervised release . . . if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See also United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994) (noting that the reviewing court has discretion to terminate a term of supervised release after one year of supervision). According to the Sixth Circuit, "[e]arly termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances— such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002); *United States v.*

*Campbell*, 2006 WL 3925599 (6th Cir. July 25, 2006) (same). It is the supervisee's burden to establish that early termination is warranted. *Atkin*, 38 F App'x at 198; *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006).  Normally, "a defendant must show something 'of an unusual or extraordinary nature' in addition to full compliance."  *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (quoting *Untied States v. Caruso*, 241 F. Supp. 2d 466, 469 (D. N.J. 2003)).

In exercising its discretion, the Court is guided by most of the original Section 3553 factors.  18 U.S.C. § 3583(e) (identifying all Section 3553 factors except the Sections 3553(a)(2)(A) and (a)(3)).  In addition, the Court has "latitude to consider a broad range of factors in addition to an individual's behavior. . . ."  *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003).  The Court also finds it prudent to review and evaluate the considerations of Section 360.20 Volume 8, Part E of the Guide to Judiciary Policy, which governs Probation's consideration of early release requests.  Generally unblemished post-incarceration conduct will not, standing alone, constitute a sufficient justification for early termination of supervised release.  *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93-94 (D.D.C. 2015); *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005).

Ms. Smith indicates she has found stable employment.  She resides with her aging mother and says she has a great family support system. She has completed the 500 hours of community service imposed at the time of sentencing, these are constructive steps but the Court is nevertheless satisfied that continued supervision is necessary and appropriate.  While defendant's motion for early termination of supervised release was pending, the Court was notified by the Probation Department that Ms. Smith had tested positive for hydromorphone and

benzoylecgonine-cocaine metabolite. No formal court action was taken, but defendant was enrolled in contract testing and referred for a substance abuse assessment. Progress can be fragile and new habits difficult to establish. Continued accountability will help sustain Ms. Smith in her post-custodial life and ensure that the new habits form deep roots.

Accordingly, the Court **DENIES** the request for early termination.

Dated:   October 17, 2022              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE